United States District Court
Southern District of Texas
**ENTERED**
October 05, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **VICENTE SIGALA VALLARDES,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-CV-08683** |
| | § | |
| **RANDY TATE,** | § | |
| | § | |
| **Respondent.** | § | |

## ORDER FOR ANSWER

Petitioner Vincente Sigala Vallardes, a detainee in the custody of U.S. Immigration and Customs Enforcement (ICE), has filed a petition for habeas corpus relief under 28 U.S.C. § 2241. ECF No. 1. Preliminary examination of Petitioner's application for a writ of habeas corpus indicates that an answer is needed. The Court also concludes that an order prohibiting Respondents from removing Petitioner from the Southern District of Texas while this Petition is pending is warranted.

### I. JURISDICTION

The protections of the Constitution apply to all persons within the jurisdiction of the United States, without regard to immigration or citizenship status. *See Plyler v. Doe*, 457 U.S. 202, 210 (1982).

While federal district courts do not generally have subject-matter jurisdiction to review orders of removal issued by an immigration court, see 8 U.S.C. § 1252(a)(1), (g), federal courts do, however, have jurisdiction over habeas petitions, including those brought by a noncitizen challenging her detention. *See* 28 U.S.C. § 2241(a); see U.S. CONST. art. I, § 9, cl. 2 (The Privilege

of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it"); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (affirming that "an alien. . . [may] rely on 28 U.S.C. § 2241(a) to challenge [their] detention").

In this case, Mr. Vallardes does not purport to seek review of an immigration order or an injunction or stay preventing the execution of such an order. Instead, the Petition alleges that Mr. Vallardes is subject to detention in violation of the Constitution and laws of the United States. The Court is therefore of the opinion that it has subject-matter jurisdiction to consider the petition under 28 U.S.C. § 2241(a).

Additionally, in order to conduct a meaningful assessment of Mr. Vallardes's Petition, the Court finds that it has jurisdiction over this matter and **ORDERS** that Petitioner shall not be transferred outside the Southern District of Texas while this habeas petition is pending.

## II. ORDER

Pursuant to 28 U.S.C. § 2241, the Court **ORDERS** as follows:

### A. Service of Process

1. The Clerk of Court is directed to serve a copy of this order on the United States Attorney for the Southern District of Texas via email at USATXS.CivilNotice@usdoj.gov **as soon as possible.** This shall constitute sufficient service under the Memorandum of Understanding between the United States District Court for the Southern District of Texas and the United States Attorney's Office for the Southern District of Texas Regarding Electronic Service in Cases and Proceedings Under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.

### B. Respondents' Answer

1. Respondents shall file an answer or other responsive pleading no later than **October 12, 2026**. Respondents shall forward a copy of same to Petitioner or to Petitioner's counsel, if Petitioner is represented. Respondents are cautioned that under Rule 12(c) of the Federal Rules of Civil Procedure, if Respondents' motion relies on matters outside the pleadings, the motion shall be treated as one for summary judgment and should be titled as such.

2. **Respondents' answer shall contain:**

   a. **A statement as to the statutory authority under which Petitioner is detained;**

   b. **A statement as to whether Petitioner was previously released from immigration custody, and if so on what date and pursuant to what authority;**

   c. **If Petitioner was previously released, the order for Petitioner's release, any subsequent extensions of Petitioner's release or parole;**

   d. **A statement as to where and when Petitioner was most recently detained, including whether Petitioner was detained at an Immigration and Customs Enforcement (ICE) check-in appointment or immigration court proceeding;**

   e. **A specific response to each of Petitioner's factual allegations and legal contentions, with applicable authority;**

**C. Stay of Transfer for Removal**

1. Respondents **SHALL NOT** (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner to any facility outside the boundaries of the Southern District of Texas while the Petition for Habeas Corpus is pending without first seeking and receiving leave from this Court. Such notice shall be filed in writing on the docket in this proceeding and shall state the reason why the government believes that such a movement is necessary and

should not be stayed pending further court proceedings. Leave of Court is not required for voluntary departure.

The Clerk is to provide a copy of this Order to all parties, including Petitioner.

**IT IS SO ORDERED.**

Signed at Houston, Texas on October 5, 2026.

Keith P. Ellison
United States District Judge